Filed 4/24/13  P. v. Suarez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FILEMON SUAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B240876<br>(Super. Ct. No. 2010038749)<br>(Ventura County) |

Filemon Suarez appeals the judgment entered after a jury convicted him on two counts of aggravated sexual assault of a child under the age of 13 (Pen. Code, § 269, subd. (a)(1)),[1] and one count of continuous sexual abuse of a child (§ 288.5, subd. (a)). The jury also found that the continuous sexual abuse offense involved substantial sexual conduct (§ 1203.066, subd. (a)(8)).  The trial court found true the allegation that appellant had served a prior prison term (§ 667.5, subd. (b)).  Appellant was sentenced to a prison term of 17 years plus two consecutive terms of 15 years to life.

Twelve-year-old K.R. testified that appellant, her mother's boyfriend, began touching her vagina when she was seven years old.  When K.R. was a little older, appellant began having sexual intercourse with her.  Appellant had sexual intercourse with K.R. about four times every week, while her mother was at work.  The abuse

---

[1] All further statutory references are to the Penal Code.

continued after they moved to Port Hueneme in 2010. K.R. stopped resisting appellant's advances after he hit her in the head, kicked her in the back, and dragged her around the room by her hair.

While K.R. was at school, she told a friend about appellant's abuse. The friend took K.R. to the principal's office and told the principal what K.R. had said. K.R. was subsequently interviewed by the police and examined by a nurse, who found evidence of trauma consistent with K.R.'s reports of sexual abuse. An expert witness testified it is not uncommon for child victims of sexual assault to delay reporting the abuse.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, she filed an opening brief in which no issues were raised.

On November 5, 2012, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. Appellant did not respond.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441; *People v. Kelly* (2006) 40 Cal.4th 106, 125-126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

2

James P. Cloninger, Judge

Superior Court County of Ventura

_____

Sharon M. Jones, under appointment by the Court of Appeal, for Appellant.
No appearance for Respondent.